| | | | |
|---|---|---|---|
| | AUSA: Ben Coats | Telephone: | (313) 226-9100 |
| AO 91 (Rev. 11/11) Criminal Complaint | Special Agent: Sean Killian, FBI | Telephone: | (313) 715-7062 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| United States of America<br>v.<br>Charles Leon MCGEE | Case: 2:22−mj−30388<br>Assigned To : Unassigned<br>Case No.    Assign. Date : 9/13/2022<br>Description: RE: CHARLES LEON MCGEE (EOB) |

**CRIMINAL COMPLAINT**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 12, 2022__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute a controlled substance - fentanyl |
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute a controlled substance - methamphetamine |
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm |
| 18 U.S.C. § 924(c) | Firearm possession in furtherance of a drug trafficking crime |

This criminal complaint is based on these facts:
See attached Affidavit

☐ Continued on the attached sheet.

*Complainant's signature*

Special Agent Sean Killian, FBI
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __September 13, 2022__

*Judge's signature*

City and state: __Detroit, MI__    Hon. David R. Grand, United States Magistrate Judge
*Printed name and title*

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Sean Killian, being first duly sworn, hereby depose and state as follows:

### Introduction and Agent Background

1. I am a Special Agent with the FBI and have been since April of 2022. I am assigned currently to the FBI Detroit Division's Strike Force Group 1. Prior to working at the FBI, I was a police officer for seven years in Monroe & St. Joseph Counties, Indiana. I have participated in training related to and conducted dozens of investigations of federal and state violations, including crimes of violence, firearms, and drug trafficking.

2. The statements contained in this affidavit are based on my experience as a special agent, information provided by police officers, other agents of the FBI, other law enforcement personnel, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through training and experience.

3. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all the information known to law enforcement related to this investigation.

### Probable Cause

4. I am currently investigating Charles Leon MCGEE for violations of federal law, specifically, 21 U.S.C. § 841(a)(1), possession with intent to distribute

1

a controlled substance – fentanyl; 21 U.S.C. § 841(a)(1), possession with intent to distribute a controlled substance – methamphetamine; 18 U.S.C. § 922(g)(1), felon in possession of a firearm; and 18 U.S.C. § 924(c), firearm possession in furtherance of a drug trafficking crime.

5. On September 12, 2022, investigators were observing the public areas of the Greyhound Bus Station in Detroit, Michigan. At approximately 3:00 PM a heavy-set African-American man was observed being dropped off by another person driving a grey Chrysler 200 Sedan bearing Michigan license plate ELW0279 and registered to a "Shanell McGee," of Eastpointe, MI. The man entered the Greyhound station carrying a yellow backpack and a green duffel bag, and he had what appeared to be a small bag bulging out of the left side of his body underneath a dark colored jacket.

6. The man approached the ticket counter and purchased a bus ticket headed to Pittsburgh, Pennsylvania, under the name "Shawn Taylor."

7. Investigators ran the address from the Chrysler 200 vehicle registration through the Law Enforcement Information Network (LEIN) and located an individual associated with that address identified as Charles Leon MCGEE (DOB XX/XX/1969). A query of MCGEE through the Michigan Secretary of State found an identification photo that appeared to be consistent in appearance with the man who had purchased a ticket under the name of "Shawn

Taylor." Investigators further located a previous booking photo of MCGEE, which also appeared to be consistent with the man observed purchasing a ticket under the name "Shawn Taylor." LEIN further indicated that MCGEE had an active US Marshals felony warrant for Dangerous Drugs out of West Virginia.

8. After purchasing the ticket, the man brought his bags to the lobby area of the Greyhound station, leaving his yellow backpack and green duffel bag in the lobby before going outside and speaking to the driver of the Chrysler 200 for a short time. The Chrysler 200 then left the area and the man returned to the lobby and sat with his bags.

9. Investigators approached the man they believed to be MCGEE and requested his identification. The man produced a Michigan Identification Card for Charles Leon MCGEE, at the same address on the vehicle registration of the Chrysler 200. MCGEE was detained and placed into handcuffs, based on the active warrant for his arrest. MCGEE, his green duffel bag, and yellow backpack were brought to a separate area of the Greyhound station. MCGEE was removed from restraints to remove a small navy blue bag which was found underneath his jacket. MCGEE was then placed back into restraints. MSP Trooper Josh Olszewski had his K-9 partner, Kai, sniff MCGEE's bags. Kai alerted on the green duffel bag.

10. Investigators searched MCGEE's bags. They found a black water bottle inside the yellow backpack. Inside the water bottle was a baggie containing a

3

light-colored powdery substance on top of another baggie containing a chunky light-colored substance. There was a large amount of substance inside of the water bottle. It was difficult to pull the substances out of the bottle. As investigators were attempting to do so, MCGEE stated, unprompted, "You won't be able to get that out," or words to that effect.

11. Inside the small navy-blue bag, officers located an H&K VP9 9mm semi-automatic pistol, loaded with 10 rounds of ammunition; an additional extended magazine loaded with 32 rounds of ammunition; and a 50 round box of ammunition. A check of this firearm's serial number through LEIN revealed that it had been reported stolen out of Detroit, Michigan. Investigators found approximately $5,000 in MCGEE's wallet.

12. The light-colored powdery substance weighed approximately 102.1 grams. A TruNarc direct scan indicated that it was Fentanyl.




13. The light-colored chunky substance weighed approximately 483.5 grams. A TruNarc direct scan indicated that it was Methamphetamine.



14. MCGEE has at least four prior felony convictions, including Carrying a Concealed Weapon (August 1997), Delivery/Manufacture of Marijuana/Synthetic Equivalents (June 2011), Delivery/Manufacture of Marijuana/Synthetic Equivalents (January 2015), and Dealing/Manufacturing Narcotics & Possession of a Firearm by a Felon (March 2017). There is probable cause to believe MCGEE knew he had been convicted of a felony. Among other

reasons in support of this conclusion, his most recent convictions include one for possessing a firearm after having been convicted of a felony.

## Conclusion

15. Based on the above information, probable cause exists to believe that Charles Leon MCGEE violated 21 U.S.C. § 841(a)(1), possession with intent to distribute a controlled substance – fentanyl; 21 U.S.C. § 841(a)(1), possession with intent to distribute a controlled substance – methamphetamine; 18 U.S.C. § 922(g)(1), felon in possession of a firearm; and 18 U.S.C. § 924(c), firearm possession in furtherance of a drug trafficking crime.

Special Agent Sean Killian
Federal Bureau of Investigation

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Hon. David R. Grand
United States Magistrate Judge

Dated: September 13, 2022